## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed October 8, 1908.

HOWARD H. HOPKINS ET AL.
VS.
MARY E. McCONKEY ET AL.

*Howard Bryant* for the exceptant.
*W. Cabell Bruce* for the trustee.

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

GORTER, J.—

John W. McConkey died in 1888. He left surviving him, his widow, Mary E. McConkey; three sisters, Elizabeth S. McConkey, Hettie C. Merryman and Rebecca McConkey, and a nephew, Howard H. Hopkins, a son of a deceased sister. By his last will, after certain specific bequests, he gave the residue of his estate to his nephew, Howard H. Hopkins, in trust. The income from one-half of said residue, to be paid by the trustee to his wife, Mary E. McConkey, for life, and upon her death the said one-half to go to Howard H. Hopkins, absolutely. The income from one-fourth thereof to be paid by the trustee to his sister, Elizabeth S. McConkey, for life, and upon her death the said one-fourth to go to Howard H. Hopkins, absolutely. The income from the remaining one-fourth thereof to be paid by the trustee to his sister, Hettie C. Merryman, for life, and upon her death the said one-fourth to go to Howard H. Hopkins absolutely. He left nothing by his will to his sister, Rebecca McConkey. After his death there seems to have arisen among his relatives a controversy which resulted in the making of a deed dated May 28, 1889, between Howard H. Hopkins and wife, of the first part, Mary E. McConkey, of the second part, and the testator's three sisters, Elizabeth, Hettie and Rebecca, of the third part. It is this deed that we are called upon to construe in passing upon the exceptions to the auditor's account filed on July 7, 1908. The deed is, to my mind, very plain, and can only be construed as the auditor has construed it. By this deed the widow's life estate in the income from one-half of the residue, and the life estates of the two sisters of one-fourth each in the income under the will, is left undisturbed. The estate or interest of the remainderman alone is affected. And to the following extent: One-half of his remainder in the part of the estate from which the widow was to receive her income, which would be one-fourth of the whole property, that was left in trust, and his remainder in the one-fourth of the estate which produced the income for Elizabeth for life, and his remainder in the one-fourth of the estate which produced the income for Hettie for life, he agreed to hold for the benefit of his three aunts, Elizabeth, Hettie and Rebecca, during their joint lives, and during the lives of the survivors and during the life of the last survivor. In other words he gave his remainder interest in three-fourths of his uncle's

estate to his aunts, and to the survivors and survivor until the last one should die, but he kept his remainder interest in one-fourth for himself. This was but just. It was his mother's share that he retained, and he gave to his mother's three sisters their shares for life and until the life of the last should go out. This is clearly the meaning of the deed of agreement of May 28th, 1889. The auditor has so construed it. He has in the account given three-fourths of the money to be distributed to Mrs. Merryman; her two sisters, Elizabeth and Rebecca, and Mary, the widow, having died, and one-fourth to the widow and children of Howard H. Hopkins, he having died. The exceptions will be overruled, and the account finally ratified.